NO. 07-05-0226-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 25, 2006

_____

IN RE P. L. L., a Minor Child

_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-558,673; HON. PATRICIA MOSELY, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Eddie Lee Wiggins (Wiggins) appeals from an order confirming a non-agreed child support review order in which he was ordered to pay additional child support. His two issues revolve around the lack of a reporter's record of the hearing which he had requested and the absence of evidence supporting the decision to increase his support obligation. We overrule each and affirm the trial court's order.

Regarding the absence of a reporter's record, Wiggins argues that through no fault of his own, there is none. Thus, he was deprived of an effective appeal. While there is no reporter's record, the trial court's order indicated on its face that an audio recording was made of the hearing. Also of record is an affidavit from the administrative assistant to the associate judge indicating that the audio recording actually exists. Furthermore, Wiggins alludes to the existence of the recording in his appellate brief.

A court reporter is not required in a hearing before an associate judge in a suit

affecting the parent/child relationship unless the judge presides over a jury trial or a final termination hearing. TEX. FAM. CODE ANN. §201.009(a) (Vernon 2002); *In re B.R.G.,* 48 S.W.3d 812, 816-17 (Tex. App.–El Paso 2001, no pet.). No one argues that the case before us arose from a final termination hearing or a jury trial. And, when a reporter is not present, the record may be preserved by any other means approved by the associate judge. TEX. FAM. CODE ANN. §201.009(b)&(c) (Vernon 2002); *In re B.R.G.,* 48 S.W.3d at 817. Moreover, statute entitles a party to obtain the presence of a reporter if one is not provided by the court. TEX. FAM. CODE ANN. § 201.009(b) (Vernon 2002).

While Wiggins may have asked, several weeks before the hearing, that a reporter be present, he fails to direct us to anywhere in the record where he objected to the absence of one. Nor does he direct us to anything of record illustrating that he was denied opportunity to obtain his own reporter as allowed by statute. And, he fails to explain why the audio recording made of the evidence does not suffice. Under these circumstances, we can neither find that the lack of a reporter's record was error nor that appellant was harmed even if such error occurred.

As to the want of evidence supporting the court's decision, we find the matter waived. Wiggins did not explain why the evidence captured on the audio recording was insufficient. Nor did he cite us to any portion of that record. Thus, the matter was insufficiently briefed and, therefore, waived.

Accordingly, we affirm the order of the trial court.


Per Curiam